RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____ 6-21-05

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| GREGORY W. HOWARD, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TECH TRADING, INC., | : | |
| | : | **05ᶜᵛ11295 RWZ** |
| Defendant. | : | |
| | : | MAGISTRATE JUDGE _____ |

**CIVIL ACTION - NOTICE OF REMOVAL**

**TO:  The Honorable Judges of the**
**United States District Court**
**District of Massachusetts**

Defendant, Tech Trading, Inc., hereby removes the captioned

action from Superior Court Department of the Trial Court of the

Commonwealth of Massachusetts, Plymouth County, under Civil

Action Number PLCV2005-00603-B and states as follows pursuant to

28 U.S.C. §1446;

**PLEASE TAKE FURTHER NOTICE** that a Notice of Filing this

Notice of Removal has been filed with the Clerk of the Plymouth

Superior Court Department of the Trial Court of the Commonwealth

of  Massachusetts,  thereby  effecting  removal  pursuant  to  28

U.S.C. § 1446(b)and is being served upon Plaintiff's counsel.

**PLEASE TAKE FURTHER NOTICE** that by effecting removal of

this civil action, Tech Trading reserves all rights to raise any

and all defenses available under the Federal Rules of Civil

Procedure including, without limitation, Rule 12 of the Federal Rules of Civil Procedure.

**PLEASE TAKE FURTHER NOTICE** that in support of this notice of removal, Tech Trading relies on the following:

1.    In around May 2005, Plaintiff, Gregory H. Howard ("Plaintiff") filed a Complaint in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, under Civil Action Number PLCV2005-00603-B. Annexed hereto as Exhibit "A" is a true and accurate copy of the Summons, Complaint and correspondence from counsel for Plaintiff, which constitutes all process, pleadings and/or orders served upon and first received by Tech Trading to date within the meaning and intent of 28 U.S.C. § 1446.

2.    Tech Trading first received the Summons, Complaint and correspondence on May 23, 2005.    Tech Trading first had knowledge of the institution of the suit and the basis for removal of this action upon receipt of the documentation annexed hereto as Exhibit A.    Removal is therefore timely under 28 U.S.C. § 1446(b) in that the filing of the within petition occurred within thirty (30) days of Tech Trading receiving service of the initial pleadings.

4.    The Court's review of the Complaint will reveal that at the time of its filing, including this removal petition, Howard    maintained    a    primary    residence    in    Kingston,

2

Massachusetts, and was a citizen of the State of Massachusetts within the meaning and intent of 28 U.S.C. § 1332.

5.   At the time of the filing of the Complaint and this removal petition, Tech Trading was incorporated in the State of New York and maintains a principal place of business located at 500 West Main Street, Suite 11, Wyckoff, New Jersey 07481.   Tech Trading is citizen of the States of New York and New Jersey within the meaning and intent of 28 U.S.C. § 1332.

6.   There is complete diversity of citizenship between the within parties within the meaning and intent of 28 U.S.C. § 1332.

7.   The Court's review of the Complaint will reveal that the gravamen of the dispute concerns the payment of commission and monthly draws pursuant to an alleged Sales Representative Agreement by and between Plaintiff and Tech Trading.   By way of the statement of facts, Plaintiff alleges that he was to be hired as a Sales Representatives for Tech Trading, (Complaint, at ¶ 4); that sales representative commission is limited to commissions in the amount of twenty-six percent of the adjusted gross profit of sales, (Complaint, at ¶ 5); that Plaintiff was entitled to a monthly draw of $15,000, (Complaint, at ¶ 7); that should the sales representative's adjusted gross profit not amount to $150,000 for a three month period, then the commission would be reduced by the percentage reduction of the adjusted

3

gross profit, (Complaint, at ¶ 8); that Plaintiff never fell below the $150,9000 per quarter bench mark, (Complaint, at ¶ 9); that Tech Trading, however, failed to pay Plaintiff for the weeks of April 15, 2005, April 22, 2005, and partially one-half for the week of April 28, 2005, for a total amount of $8,370.70, (Complaint, at ¶ 10); that Tech Trading has further failed to deliver on purchase orders delivered to them by Plaintiff for several companies in the months of October 2004 through March 2005; that Tech Trading has further miscalculated deductions to Plaintiff and has made deductions to which it was not entitled from the sales representative's commissions, (Complaint, at ¶ 12, 13). By way of the Complaint, Plaintiff seeks payment of commissions and damages pursuant to theories of breach of contract, (Count I), unjust enrichment / quantum meruit (Count II), promissory estoppel (Count III) and damages pursuant to General Law c. 93 A, § 11 (Count IV).

8.  Pursuant to the Civil Action Cover Sheet, Plaintiff seeks damages in the amount of $142,000, plus interest, cost of suit and counsel fees for Tech Trading's alleged failure to pay Plaintiff commissions and inappropriately charging Plaintiff expenses.

9.  The amount in controversy between the parties exceeds the sum of $75,000, exclusive of interest and costs of suit.

There is thus the requisite amount in controversy as required by 28 U.S.C. § 1332.

10. This Court maintains jurisdiction over this action pursuant to, and in accordance with, 28 U.S.C. § 1336. Removal is therefore appropriate under 28 U.S.C. § 1441(a) and (b).

12. Pursuant to Local Rule 81.1(a), Defendant shall request from the Clerk of the Plymouth superior court certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein and shall file the same within thirty(30) days after the filing of this of this petition.

WHEREFORE, Defendant herby removes the above action pending in the superior court for the Commonwealth of Massachusetts in and for the county of Plymouth therefrom to this Court.

Respectfully submitted,
**GIBSON & BEHMAN, P.C.**
Attorneys for Defendant,
Tech Trading, Inc.

By: 

Arthur E. Maravelis (564673)
One Mountain Road
Burlington, Massachusetts 01803
Telephone: (781) 229-6667
Facsimile: (781) 229-2368
Email: amaravelis@gibsonbehman.com

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Robert Kraus, Esq, Kraus & Hummel, LLP 99A Court Street, Plymouth, MA 02360 (counsel for Plaintiff) by facsimile and first class mail and to the Civil Clerk, Plymouth Superior Court, Court Street, Plymouth, MA 02360 by hand delivery.

Arthur E. Maravelis (564673)

5

## KRAUS & HUMMEL LLP
### Attorneys and Counselors at Law

99A Court Street
Plymouth, Massachusetts 02360
(508) 747-4200
(508) 747-0788 fax
www.k



May 23, 2005

Via Certified Mail; Return Receipt Requested
No. 7004 1160 0005 7610 1111

Tech Trading, Inc.
500 West Main Street
Suite 11
Wyckoff, NJ 07481

     Re:  Gregory W. Howard
     Vs.  Tech Trading, Inc.

Dear Sir/Madam:

Pursuant to Massachusetts General Laws, c. 223A, §3 and Massachusetts Rules of Civil Procedure Rule 4(e), service is hereby made of the within Summons, Complaint and Tracking Order upon the above-referenced Defendant.

Thank you for your attention to this matter.

Sincerely,

Joseph E. Kelleher

JEK/kl
Enclosures
cc:  Gregory Howard

S:\KH Documents\HOWARD, Gregory\Tech Trading-long arm service.doc

COMMONWEALTH OF MASSACHUSE±±S

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO. PLCV2005-00603-B

Gregory W. Howard
........................................................, Plaintiff(s)


vs.

Tech Trading, INc.
........................................................, Defendant(s)

## SUMMONS

To the above-named defendant: Tech Trading, Inc.
500 W. Main St., Ste. 11, Wyckoff, NJ 07481

You are hereby summoned and required to serve upon ..Joseph..E....Kelleher.plaintiff
attorney, whose address is 99A...Court..St..,.Plymouth,.MA....02360.. an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the
day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in
the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this
court at Plymouth either before service upon plaintiff   attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff   which arises out of the transaction or occurrence that is the subject
matter of the plaintiff   claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ...........23rd..............................day of

..........May....................................., in the year of our Lord Two thousand and ....five....... .

Barbara R. Fowers

## NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular
   defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
   Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................................, 200 , I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant   , in the
following manner(See Mass. R. Civ. P. 4(d)(1-5)):.........................................................................................................

........................................................................................................................................................................................

........................................................................................................................................................................................

Dated:                , 200 ...........................................................................................................................................

N.B.   TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE   ON DEFENDANT IN THIS BOX ON THE
ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  | 200 |
|--|--|

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

| CIVIL ACTION<br>COVER SHEET | DOCKET NO.(S) | | Trial Court of Massachusetts<br>Superior Court Department<br>County:_____ |
|---|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Gregory W. Howard | Tech Trading, Inc. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Kraus & Hummel LLP (508) 747-4200<br>99A Court St., Plymouth, MA 02360<br>Board of Bar Overseers number: 279535; 567327 | |

## Origin code and track designation

Place an x in one box only:

☒ 1. F01 Original Complaint

☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)

☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)

☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)

☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Breach of Contract | ( F ) | ( x ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................. $ ..............
2. Total Doctor expenses .............................................................. $ ..............
3. Total chiropractic expenses ........................................................ $ ..............
4. Total physical therapy expenses .................................................... $ ..............
5. Total other expenses (describe) .................................................... $ ..............
   Subtotal $ ..............
B. Documented lost wages and compensation to date ..................................... $ ..............
C. Documented property damages to date ............................................... $ ..............
D. Reasonably anticipated future medical and hospital expenses .......................... $ ..............
E. Reasonably anticipated lost wages .................................................. $ ..............
F. Other documented items of damages (describe)
   $ ..............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ ..............
TOTAL $ ..............

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

The parties entered into a Sales Representative Agreement. Defendant failed to pay Plaintiff comissions pursuant to the Agreement, charged Plaintiff expenses it was not entitled to deduct and breached the Agreement

TOTAL $ 142,000.0

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 5/23/0⁵

AOTC-6 mtc005-11/99
A O C C 1 2000

## COMMONWEALTH OF MASSACHUSETTS

**PLYMOUTH, SS.**

**SUPERIOR COURT DEPT.**
**Civil Docket No.**

Gregory W. Howard,        )
            Plaintiff          )
                                )
Vs.                          )
                                )
Tech Trading, Inc.,        )
            Defendant        )

### I.  PARTIES

1.    Plaintiff, Gregory W. Howard ("Howard"), is an individual with a principal residence of 92 Indian Pond Road, Kingston, MA.

2.    Defendant, Tech Trading, Inc. ("Tech Trading"), is a New Jersey corporation with a principal place of business at 500 West Main Street, Suite 11, Wyckoff, NJ 07481.

### II.  FACTS

3.    On or about August 1, 2003, Plaintiff and Defendant executed a Sale Representative Agreement (the "Agreement") attached hereto and made a part hereof as **Exhibit A**.

4.    Pursuant to the Agreement, Plaintiff was to be hired as a Sales Representative for the Defendant.

5.    Pursuant to the Agreement, the Sales Representative compensation is limited to commissions in the amount of Twenty-six (26%) percent of the adjusted gross profit of sales, which equals sales minus purchase order cost of goods.

6     Pursuant to the Agreement "for the purposes of calculating the cost of goods sold, only the following items shall be included: (i) on all Ingram Micro sales, one percent (1%) of sales for return of merchandise authorizations (RMA), plus two percent (3%) of cost of goods sold for shipping and handling (freight in and out), plus a four percent (4%) of net sales charge for sales rebate; (ii) on all Tech Data sales, one percent (1%) of sales return of merchandise authorizations (RMA), plus two percent (3%) of cost of goods sold for shipping and handling (freight in and out), and (iii) on all marketing and promotional monies paid out by company. If company vendor contributes any or all said amounts for direct use by the Sales Representative, these monies will be added to Sales Representative adjusted gross profit amount."

7.    Plaintiff was also to be paid a monthly draw of $15,000 per month or $3,461.54 per week.

AUS & HUMMEL LLP
ATTORNEYS
AND
COUNSELORS AT LAW

VIA COURT STREET
LYMOUTH, MA 02360
—.——
PHONE: (508) 747-4200
FAX: (508) 747-0788

8.    Pursuant to the agreement of the parties, should the Sales Representative's adjusted gross profit not amount of $150,000 for a three (3) month period, the commission shall be reduced by the percentage reduction of the adjusted gross profit.

9.    Plaintiff never fell below the $150,000 per quarter bench mark pursuant to the Agreement.

10.    Defendant has failed to pay the Plaintiff for the weeks of April 15, 2005, April 22, 2005 and partially one-half for the week of April 28, 2005 for a total amount of $8,370.70.

11.    Pursuant to Section 13 of the Agreement "Non-Performance by Company", in the event that the Defendant did not comply with any purchase order delivered by the Sales Representative for a sale to any customer of Sales Representative which results in the cessation of business, the Company shall pay the Plaintiff three months after the cancellation of the business a sum equal to the commissions earned by Sales Representative for the three months prior to the cancellation of the business.

12.    Defendant did not deliver on the purchase orders delivered to them by the Plaintiff for several companies in the months of October, 2004 through March 2005 in violation of Section 13 of the Agreement.

13    Defendant has also miscalculated deductions to the Plaintiff according to Section 4 of the Agreement and has made deductions it was not entitled to from Sales Representative's commissions.

14.    As a result of Defendant's actions, Plaintiff has suffered great economic harm.

## COUNT I
### (Breach of Contract)

15.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14 as if set forth separately herein

16.    The parties entered into a valid and enforceable contract.

17.    Plaintiff has complied with all conditions precedent in the contract.

18.    Defendant has breached the contract by, including but not limited to, failing to pay to the Plaintiff commissions he has earned pursuant to the Agreement.

19.    By subtracting deductions which it was not entitled to and by adding certain expenses in violation of the contract and by failing to pay the Plaintiff for purchase orders delivered by the Sales Representative that the Defendant did not comply with.

20.    As a result of the Defendant's actions, Plaintiff has suffered great economic harm.

KAUS & HUMMEL LLP
ATTORNEYS
AND
COUNSELORS-AT-LAW

99A COURT STREET
PLYMOUTH  MA 02362

PHONE: (508) 747-4200
FAX (508) 747-0700

Page 2 of 4

Wherefore, Plaintiff requests this Honorable Court enter judgment against the Defendant in an amount to be determined by the trier of fact plus interest, costs of suit, attorney's fees and any other and/or further relief this Court deems just and proper.

## COUNT II
### (Unjust Enrichment/Quantum Meriut)

21.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20 as if set forth separately herein

22.   Plaintiff provided services to the Defendant as a Sales Representative pursuant to their contract and agreement.

23.   Defendant was aware that the Plaintiff was providing these services with the expectation that he would be compensated for said services

24.   Defendant has failed to pay the Plaintiff pursuant to the parties' agreement and has been unjustly enriched as a result of the services provided by the Plaintiff pursuant to their agreement

25.   As a result of Defendant's actions, Plaintiff has suffered great economic harm

Wherefore, Plaintiff requests this Honorable Court enter judgment against the Defendant in an amount to be determined by the trier of fact plus interest, costs of suit, attorney's fees and any other and/or further relief this Court deems just and proper.

## COUNT III
### (Promissory Estoppel)

26.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 as if set forth separately herein.

27.   Defendant made promises regarding payments under the parties' agreement which it reasonably should expect to induce action and/or forebearance on the part of the Plaintiff

28.   The promises and statements did induce such action and forebearance by the Plaintiff.

29.   An injustice can only be avoided by enforcement of the promises and payment pursuant under the promises and statements.

30.   As a result of Defendant's actions, Plaintiff has suffered great economic harm.

AUS & HUMMEL LLP
ATTORNEYS
AND
COUNSELORS AT LAW

yea COURT STREET
PLYMOUTH, MA 02360

PHONE (508) 747-4200
FAX (508) 747-0768

Wherefore, Plaintiff requests this Honorable Court enter judgment against the Defendant in an amount to be determined by the trier of fact plus interest, costs of suit, attorney's fees and any other and/or further relief this Court deems just and proper.

## COUNT IV
### (Violation of G.L. c. 93A, § 11)

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 as if set forth separately herein.

32 Plaintiff and Defendant were merchants as defined as to G.L. c. 93A, § 2.

33. Defendant's conduct, as aforementioned above, by failing to pay commissions pursuant to the Agreement, withholding expenses and padding certain expenses in an effort to reduce the income of Plaintiff, in addition to failing to pay the Plaintiff for services rendered to Defendant constitutes an unfair and deceptive act in violation of G.L. c. 93A, § 11.

34. As a result of Defendant's actions, Plaintiff has suffered great economic harm.

**Wherefore**, Plaintiffs request this Honorable Court enter judgment against Defendant, Travelers, in an amount to be determined by the trier of fact, including treble damages pursuant to M.G.L c. 93A, plus interest, costs of suit and attorney's fees

## DEMAND FOR JURY TRIAL

Plaintiff claims a jury trial on all issues so triable

Respectfully submitted,

PLAINTIFF
By his Counsel

Robert Kraus, Esq.
BBO No. 279535
Joseph E. Kelleher, Esq.
BBO No. 567327
Kraus & Hummel LLP
99A Court Street
Plymouth, MA 02360
(508) 747-4200

Dated: May ___ 2005

KRAUS & HUMMEL LLP
ATTORNEYS
AND
COUNSELORS AT LAW

99A COURT STREET
PLYMOUTH, MA 02360

PHONE: (508) 747-4200
FAX: (508) 747-0768

S:\KH Documents\HOWARD, Gregory\Howard v. Tech Trading\Complaint.doc

Page 4 of 4

Exhibit A

## SALES REPRESENTATIVE AGREEMENT

This Agreement is made as of August 1, 2003,

by and between

Tech Trading, Inc. (the "Company"),

and

Gregory W. Howard (the "Sales Representative").

### TERMS AND CONDITIONS OF CONSULTANCY AGREEMENT

1. *Term*. This Agreement shall commence on August 1, 2003 and continue for one (1) year, unless terminated in accordance with paragraph 15 of this Agreement. This Agreement may be extended in writing by mutual consent of Company and Sales Representative.

2. *Description of Services to be Rendered by Sales Representative*. Sales Representative shall provide services to the best of his abilities and to the Company's satisfaction, including, without limitation.

(A) Pricing, maintaining sales quotas and traveling to visit clients and accounts including but not limited to Tech Data and Ingram Micro;

3. *Sales Representative's Responsibilities*. Sales Representative shall perform all work in a professional and courteous manner. Sales Representative shall adhere to all Company policies in the performance of the consulting work. Sales Representative shall maintain, at Sales Representative's sole cost and expense, employee and business insurance such as workers' compensation insurance as required by law. Sales Representative will pay all employment or business taxes applicable to its business that may arise from this Agreement. Sales Representative further agrees to be responsible for all of Sales Representative's federal and state taxes, withholding, social security, insurance, and other benefits. Sales Representative agrees to obtain workers' compensation insurance for his or her employees (should he desire to hire any) and to furnish to Company a copy of such certificate of workers' compensation insurance.

4. *Commissions and other Payments*. The Sales Representative's compensation under this Agreement is limited to (A) commissions in the amount of twenty-six percent (26%) of the adjusted gross profit of sales, which includes sales minus purchase order cost of goods sold.

For the purposes of calculating costs of goods sold. only the following items shall be included:

(i)     on all Ingram Micro sales, one percent (1%) of sales for return of merchandise authorizations (RMA), plus two percent (3%) of cost of goods sold for shipping and handling (freight in and out), plus a four percent (4%) of net sales charge for sales rebate;

(ii)    on all Tech Data sales, one percent (1%) of sales return of merchandise authorizations (RMA), plus two percent (3%) of cost of goods sold for shipping and handling (freight in and out)

(iii)   on all marketing and promotional monies paid out by company. If company vendor contributes any or all said amounts for direct use by the sales representative. these monies will be added to sales representative adjusted gross profit amount

Sales Representative shall be paid a draw ("Draw") weekly. in the amount of fifteen thousand dollars ($15,000.00) per month (or $3,461.54 per week) against the above commissions. It is understood by the parties that the Draw is based on the requirement that adjusted gross profit as defined above shall be fifty thousand dollars ($50,000.00) per month for the each of the three months under consideration for payment, for a total of one hundred fifty thousand dollars ($150,000.00) for the three month period. Should the adjusted gross profit not amount to $150,000 for the three month period. Sales Representative's commission earned shall be reduced by the percentage reduction of the adjusted gross profit. Commissions are to be paid quarterly, and on the first Friday after the end of a quarter. Unless otherwise provided for herein, in the event of termination as provided in this Agreement, Sales Representative shall be entitled only to payment for sales completed, and any open or back orders.

5.      *Expense Reimbursement.* Company shall not be liable to Sales Representative for any expenses paid or incurred by Sales Representative with the exception of authorized travel expenses. meals, overnight accommodations or unless otherwise agreed to by the Company. To qualify for any reimbursement of expenses hereunder, Sales Representative shall submit to Company an expense report containing reasonable detail and sufficient backup documentation, including original receipts. as required by the Company policy. Once approved by company, reimbursement will be sent to Sales Representative within 7 working days

6.      *Independent Sales Representative Status.* Sales Representative is an independent contractor of Company.  Nothing in this Agreement is intended to make Sales Representative an agent or employee of Company.  Nothing in this Agreement shall be construed as a guarantee of future employment or engagement, or as a limitation upon Company's sole discretion to terminate this Agreement at any time without cause as

2

provided in paragraph 15. This Agreement shall not be considered to create a joint venture or partnership in any manner.

7.      *Right of First Refusal.* Sales Representative shall offer to Company in writing a right of first refusal on all new business inclusive of new clients, sales, vendors and purchases. Company has either accepted or decline new business, sales, vendors and purchases with in 48 hours by email of offer. In the event the company declines any offer made by Sales Representative, than the Sales Representative has the right to take the offer to a third party with the exception of offers to Ingram Micro, Tech Data and Synnex. In the event that the Purchase offer is accepted by the company, the Sales Representative will be entitled to 50% of the savings from the best price at the time of said purchase to be given by the Companies purchasing dept.

8.      *Confidentiality.* As used herein, the term "Confidential Information" includes:

any information, technical data, or know-how, including, but not limited to, that which relates to research, product plans, products, services, customers, markets, software, development, inventions, processes, designs, drawings, engineering, equipment and configuration information, policies, procedures, contracts, sales, marketing, training, strategy or finances of Company. Confidential Information does not include information, technical data or know-how which (i) is in the possession of the receiving party at the time of disclosure as shown by the receiving party's files and records immediately prior to the time of disclosure; or (ii) prior or after the time of disclosure becomes part of the public knowledge or literature, not as a result of any inaction or action of the receiving party, or (iii) is approved by the disclosing party, in writing, for release.

Sales Representative acknowledges that in the course of performing consulting work pursuant to this Agreement, Sales Representative will gain access to Confidential Information which is valuable intellectual property belonging to Company. Sales Representative has received no license or any other interest in this Confidential Information, but shall use all Confidential Information solely for the performance of services under this Agreement. Sales Representative will not disclose any Confidential Information to any third party without the prior written consent of Company. Sales Representative agrees that all Confidential Information is and shall continue to be the exclusive property of Company, whether or not prepared in whole or in part by Sales Representative and whether or not disclosed to or entrusted to the custody or control of Sales Representative.

> 9.  *Ownership of Work Product.* All intellectual property as defined herein originated and prepared pursuant to this Agreement for Company by Sales Representative shall belong exclusively to Company and may be used or transferred by Company in any manner which it finds appropriate. Sales Representative shall inform Company of all such intellectual property as soon as it is prepared or comes into existence. Sales Representative shall not be entitled to any additional payment for this purpose.

3

Intellectual property shall include an invention, discovery, process, idea, trademark, service mark, copyright work, design, patent, domain name, internet address, plan, study, article, specification, exhibit, program, software code, documentation, improvement, formula, technique, model, other data, or other intellectual property right recognized by law.

To the extent any intellectual property prepared by Sales Representative in the performance of services under this Agreement include material subject to copyright protection, such materials have been specially commissioned by Company and they shall be deemed "work for hire" as such term is defined under U.S. copyright law. To the extent any such materials do not qualify as "work for hire" under applicable law, Sales Representative hereby irrevocably and exclusively assigns to Company, its successors and assigns, all right, title, and interest in and to all such materials. To the extent any Sales Representative rights in the same, including without limitation any moral rights, are not subject to assignment hereunder, Sales Representative irrevocably and unconditionally waives all enforcement of such rights.

Sales Representative shall execute and deliver such instruments and take such other actions as may be required to carry out and confirm the assignments contemplated by this paragraph and all other provisions of this Agreement.

Any and all intellectual property, in whatever form, shall not be copied or transferred without Company's prior written consent, and shall be turned over to Company upon request or at the conclusion or termination of this Agreement.

10.   *Representations and Warranties*. Sales Representative hereby warrants that: (a) there are no agreements or binding obligations enforceable against Sales Representative which would be violated by entering into this Agreement or by providing service hereunder; and (b) Sales Representative's performance of services under this Agreement will not infringe any copyright, patent, trade secret, or other proprietary right held by any third party.

11.   *Release*    Sales Representative hereby agrees to execute a general release in favor of Company to release any and all claims he has or may have had against Company for the time period up to and including the date of execution of this agreement arising out of the employment or other relationship between Sales Representative and the Company. The release is hereby incorporated herein and made a part hereof as Attachment A.

12.   *Other Activities*. Sales Representative is free to engage in other independent contracting activities, provided that Sales Representative does not engage in any such activities which are inconsistent with or in conflict with any provisions hereof, or that so occupy Sales Representative's attention as to interfere with the proper and efficient performance of Sales Representative's services thereunder.

4

Sales Representative agrees, during the term hereof and for a period of 6 months following termination of this Agreement that Sales Representative will not:

    (a)    solicit, approach or attempt to influence, directly or indirectly, any employee of Company to terminate his/her employment and work for Sales Representative or any other person;

    (b)    solicit, approach or attempt to influence, directly or indirectly, any client of Company with whom Sales Representative had contact or dealings during the performance of services under this Agreement; or

    (c)    perform any services for any person or entity in competition with (1) Company, or (2) any client of Company with whom Sales Representative had contact or dealings during the performance of services under this Agreement.

13.    *Non-Performance by Company.*    In the event that Company does not comply with any purchase order delivered by Sales Representative for a sale to any customers of sales representative, which results in a cessation of that business as defined in its Cancellation of contract or a lack of customer Purchase orders for a 30 day consecutive period of time, Company shall pay to Sales Representative for the three months after cancellation of the business a sum equal to the commissions earned by Sales Representative for the three months prior to the cancellation of the business or absence of Purchase Orders.

14.    *Termination.*    This Agreement shall be terminable by mutual agreement in writing signed by Company and Sales Representative at any time. This Agreement shall be terminable by Company at any time for Sales Representative's non performance of the contract specifications. If termination is for cause, no prior notice is required. If termination is other than for cause, Company shall have the option to give Sales Representative 5 days' written notice of termination.

Termination of the Agreement for any reason shall not terminate any rights or obligations arising before such termination and shall not prejudice any right of either party to claim damages or injunctive relief against the other party. The obligations regarding confidentiality and ownership of work provided in this Agreement shall survive termination or expiration of this Agreement. Payment for services prior to termination is provided for in paragraph 5 herein.

15.    *Entire Agreement.*    This Agreement constitutes the entire agreement and understanding between the parties hereto and supersedes any and all prior agreements and understandings, whether oral or written, between the parties hereto. This Agreement shall not be modified or amended except by written agreement signed by Sales Representative and Company. No oral modifications will be enforceable.

16.    *Governing Law and Arbitration*. This agreement shall be governed by and construed in accordance with the laws of the State of Massachusetts. All terms of this Agreement shall be binding upon and inure to the benefit of and be enforceable by the parties hereto and their respective successors in interest, permitted assigns, heirs and legal representatives. Any and all claims arising out of this Agreement or the relationship between the parties shall be resolved through binding alternative dispute resolution. The parties shall initially attempt to negotiate a satisfactory resolution of the claims. If there is a controversy or dispute involving this Agreement or the relationship between the parties that is not resolved by negotiation and agreement of the parties within thirty (30) calendar days, such controversy or dispute shall be resolved first by the parties attempting mediation for a period of thirty (30) days. If the parties are unable to mediate the controversy or dispute arising out of the negotiation making or implementation of this Agreement, then the parties shall be required to resort exclusively to arbitration. Arbitration shall be held in Plymouth, Massachusetts in accordance with the then prevailing Rules of the American Arbitration Association for commercial arbitrations. If the parties are unable to mutually agree upon an arbitrator, the Assignment Judge of Essex County shall appoint a former judge of the Superior Court of New Jersey or the United States District Court for the District of Massachusetts as an arbitrator. The decision of the arbitrator will be final and binding upon the parties hereto and may be enforced pursuant to the laws of the State of Massachusetts.

17.    *Notices*. All notices hereunder shall be in writing and shall be deemed to have been duly given if sent by registered or certified mail, postage prepaid, to the following addresses:

Sales Representative:

Gregory W. Howard    This agreement is pending final approval of a Cross Release clause by Greg Howard council Robert Kraus

Company:

Tech Trading, Inc    This agreement is pending final approval of Tech Trading council Lou Medugno

18.    *Assignment*. Sales Representative shall not assign, subcontract or delegate Sales Representative's rights and obligations under this Agreement without the written consent of Company.

6

19.   *Miscellaneous.*

   (a)   *Severability.* If any provision of this Agreement, or application thereof is
         held to be invalid, unenforceable or void, the remainder of this Agreement
         shall remain in full force and effect.

   (b)   *Construction.* The headings and captions of this Agreement are provided
         for convenience only and are intended to have no effect in construing or
         interpreting this Agreement. The language in all parts of this Agreement
         shall be in all cases construed according to its fair meaning and not strictly
         for or against either party.

   (c)   *Rights Cumulative.* The rights and remedies provided by this Agreement
         are cumulative. Exercise of any right or remedy by either party (or by its
         successor) – whether pursuant to this Agreement, any other agreement, or
         law – shall not preclude or waive its right to exercise any or all other
         rights and remedies

   (d)   *Nonwaiver.* No failure or neglect of either party in any instance to
         exercise any right, power or privilege hereunder or under law shall
         constitute a waiver of any other right, power or privilege or of the same
         right, power or privilege in any other instance. All waivers by either party
         must be contained in a written instrument signed by the party to be
         charged and, in the case of Company, by an officer or other person duly
         authorized by Company.

   (e)   *Assistance.* Following conclusion or termination of this Agreement, Sales
         Representative shall furnish such information and assistance to Company
         as may reasonably be required by Company in connection with services
         performed by Sales Representative. Assistance may include any process
         required to confirm ownership of intellectual property by Company.

IN WITNESS WHEREOF, the parties have executed this Agreement to be effective as of the
date written above.

                                            Tech Trading, Inc.


                                            By:


                                            By:


7

Its _____

Sales Representative


_____
By:

## Commonwealth of Massachusetts
### County of Plymouth
### The Superior Court

CIVIL DOCKET# **PLCV2005-00603-B**

RE:  **Howard v Tech Trading, Inc.**

TO:Joseph E Kelleher III, Esquire
    Kraus & Hummel
    99A Court Street
    Plymouth, MA 02360

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
| --- | --- |
| Service of process made and return filed with the Court | 08/21/2005 |
| Response to the complaint filed (also see MRCP 12) | 10/20/2005 |
| All motions under MRCP 12, 19, and 20 filed | 10/20/2005 |
| All motions under MRCP 15 filed | 10/20/2005 |
| All discovery requests and depositions completed | 03/19/2006 |
| All motions under MRCP 56 served and heard | 04/18/2006 |
| Final pre-trial conference held and firm trial date set | 05/18/2006 |
| Case disposed | 07/17/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in **CtRm 1 (Court Street, Plymouth) at Plymouth Superior Court.**

Dated: 05/23/2005

Francis R. Powers
Clerk of the Courts
BY: Adam Baler
Assistant Clerk

Location: CtRm 1 (Court Street, Plymouth)
Telephone: (508) 747-6911

JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

GREGORY W. HOWARD

**DEFENDANTS**

TECH TRADING, INC.

**(b)** County of Residence of First Listed Plaintiff **Plymouth, MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Bergen, NJ**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John Kraus, Esq. / Kraus & Hummel, LLP
99-A Court Street
Plymouth, MA  02360      (508-747-4200)

Attorneys (If Known)
Arthur E. Maravelis, Esq. / Gibson & Behman PC
One Mountain Road
Burlington, MA 01803      (781-229-6667)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                  and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ Judgment Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| Student Loans | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| (Excl. Veterans) | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | | 12 USC 3410 |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| | | | & Disclosure Act | | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | | Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | ☐ 871 IRS—Third Party | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to
District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332 28 U.S.C. 1441; Breach of sales agreement; actions to recover commission and
other deduction

## VII. REQUESTED IN     ☐ CHECK IF THIS IS A CLASS ACTION
COMPLAINT:                UNDER F.R.C.P. 23

DEMAND $
$142,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)   (See instructions):
IF ANY

JUDGE

DOCKET NUMBER

DATE  6-21-05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____ Howard v. Tech Trading _____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   XX   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

## 05   11295 RWZ

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                                                  YES          (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                                  YES          (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                  YES          (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                                                  YES          (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                  YES          (NO)

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION            CENTRAL DIVISION            WESTERN DIVISION

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
        GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION            CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___ Arthur E. Maravelis, Esq. _____
ADDRESS _____ One Mountain Road, Burlington, MA 01803 _____
TELEPHONE NO. ____ 781-229-6667 _____

(Cover sheet local.wpd - 11/27/00)